[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Date of Sentence September 17, 1992 Date of Application September 17, 1992 Date Application Filed September 21, 1992 Date of Decision October 25, 1994 CT Page 11127-V
Application for review of sentence imposed by the Superior Court, Judicial District of Hartford/New Britain at Hartford.
Docket No. CR 91-86035.
Margaret P. Levy, Esq., Defense Counsel, for Petitioner.
John Massemeno, Esq., Assistant State's Attorney, for the State.
Sentence Affirmed.
By the Division:
After pleading guilty to a charge of robbery, 1st degree in violation of § 53a-134(a)(4), the petitioner was sentenced to a term of 14 years, to run concurrently with a sentence he was then serving. That sentence he was then serving was a term of 7 1/2 years for violation of probation. The 14 year sentence was a court indicated sentence made at the time the plea was entered.
The robbery in this case took place on December 7, 1991 at approximately 4:30 p.m. when the petitioner and an accomplice entered a pharmacy in Windsor. One of the robbers wore a mask and accosted the pharmacist at gunpoint, causing the pharmacist to turn over some $3500 in controlled substances. Each of the accused claimed the other was the armed and masked perpetrator, and the police reports do not indicate which one carried the gun and which one stood by in another area of the store.
The petitioner has a long history of drug abuse and at least two efforts at providing treatment programs failed because of his non-cooperation.
His criminal record includes three convictions for possession of marijuana in 1975 and 1985, several convictions for disorderly conduct or breach of peace, violation of probation, a 1985 conviction for robbery 1st degree for which he received a sentence of 15 years, execution suspended after 6 years. (that was a robbery CT Page 11127-W of a clinic in Cromwell in which drugs were taken at gun point). This was the sentence in which probation was violated.
With this background the sentence imposed (which effectively added approximately 6 1/2 years to his time for the violation of probation) cannot be said to be unfair or unreasonable. In light of the nature of the offense, the character of the petitioner, the need for public protection and the deterrent, rehabilitative, isolative and denunciatory purpose for which a sentence is intended, this sentence is neither inappropriate nor disproportionate. It is affirmed.
Klaczak, Norko and Stanley, J.s participated in this decision.